F. Carrera & Hermano, Demandante y Apelada, *v.* Muñiz, Demandado y Apelante.

## Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre desahucio.

No. 2713.—Resuelto en junio 6, 1922.

Desahucio—Apreciación de Pruebas.—No demostrándose que la corte cometiera el error único que se le imputa de apreciar la prueba del presente caso en el sentido de que el demandante era el dueño de la finca objeto del desahucio y no el demandado, procede la confirmación de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Alemañy Sosa.*

Abogados de la apelada: *Sres. Benet & Souffront.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Este es un caso de desahucio en apelación que se originó en la Corte de Distrito de Mayagüez.

Se alegó por la demandante que es dueña en pleno dominio de ciertas fincas rústicas que se describen en la demanda; que el demandado ocupa dichas fincas y detenta su posesión material sin pagar canon ni merced alguno y en contra de la voluntad de la demandante, y que ha sido requerido para desalojarlas y se ha negado sin justa causa ni derecho alguno.

La corte inferior, después de celebrado el juicio, decretó el desahucio, y de la sentencia, el demandado recurrió en apelación ante esta corte.

Solamente un error se señala por el apelante y es que la corte inferior apreció equivocadamente la prueba declarando con lugar la demanda.

Partiendo de las alegaciones de las partes, parece haber un conflicto de títulos, ya que demandante y demandado alegan ser dueños de las fincas descritas en la demanda. Pero la prueba documental que fué practicada en el juicio nada indica en ese sentido. Por escritura otorgada en enero 7,

1915, ante el notario Juan Quintero, el demandado Juan Lorenzo Muñiz, asistido de su esposa, vendió con pacto de retracto a Augusto Ortiz, las fincas que son objeto de la demanda, pudiendo el demandado redimir las fincas en el término de cinco años a contar de la fecha de la escritura. Se convino, además, que mientras subsistiera el derecho de redención, el demandado quedaría en posesión de las fincas en concepto de arrendatario, pagando $240 anuales y las contribuciones.

En febrero 27 de 1915 Augusto Ortiz a su vez vendió las mismas fincas al demandante, mediante escritura otorgada ante el notario José Sabater, llevando consigo esta venta el pacto de retracto con que fueron adquiridas por el citado Ortiz. Después una y otra venta se consumaron por no haberse redimido las fincas ni por el demandado ni por Ortiz al vencimiento de la condición resolutoria impuesta por el pacto de retracto.

La venta que verificó el demandado a Augusto Ortiz y consumada por no haberse redimido las fincas, desprendió al primero de todo derecho, título o interés sobre dichas fincas, y siendo así, carece de todo fundamento la alegación de que estaba en su posesión como dueño de las mismas. Aparece, sin embargo, que el demandado trató de atacar la validez de su contrato de compraventa con Ortiz, declarando que lo que había convenido con el último había sido un préstamo con hipoteca de sus fincas y no una venta, pero en relación con esto solamente tenemos su propio testimonio y la corte inferior no le prestó credibilidad alguna, pues más bien fué perjudicial al demandado cuando admitió que también convino en un contrato de arrendamiento.

Asimismo el apelante intenta sostener en su alegato que el segundo traspaso de Ortiz a la demandante es más bien un préstamo con hipoteca que un contrato de venta y que no le daba a dicha demandante el carácter de dueña. Pero

el citado Ortiz no es parte en el presente caso, no es él el demandado, y es a él a quien únicamente había de incumbir su propia defensa y discutir el carácter, naturaleza o nombre del traspaso que hizo a la demandante, y por tanto, no le es lícito al demandado subrogarse en cualquier defensa que asistiera a la persona a quien él había transmitido sus derechos dominicales en las fincas.

Veamos ahora en qué condición legal el demandado quedaba en las fincas.   El contrato de arrendamiento que celebró con Ortiz y que subsistía durante el pacto de retracto, y con el cual se verificó el segundo traspaso a la demandante, feneció con la expiración del plazo que se había dado para redimir las fincas objeto del contrato, es decir, no por la consumación misma sino porque su término se había estipulado por el que durara el pacto de retracto.   Pero del mismo modo, cualquiera que hubiera sido el término del contrato de arrendamiento y salvo que se alegara que fuera un contrato inscrito, dicho contrato terminaba con la segunda venta de Ortiz a la demandante, quedando el demandado en las fincas como un simple poseedor y a voluntad de la primera.

La excepción tomada por el demandante a la resolución de la corte inferior por no admitir los recibos de contribuciones ofrecidos como prueba, no tiene la importancia que se le quiere dar en este caso.   En el contrato de arrendamiento aparece el demandado con la obligación de pagarlas, y aparte que tal forma de evidencia por sí sola no es pertinente para probar el título de dueño, tampoco es admisible en la forma presentada.

Por las consideraciones precedentes, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.